## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE:                                ) | |
| ) | CASE No.   15-51095 (JAM) |
| ANGELA M. HICKMANN,           ) | |
| ) | CHAPTER   7 |
| DEBTOR.               ) | |
| ) | |
| ANGELA M. HICKMANN,           ) | |
| PLAINTIFF,           ) | Adv. Pro. No.  16-05045 |
| ) | |
| V.                                      ) | |
| ) | |
| WILLIAM RJP BROWN,             ) | |
| DEFENDANT.       ) | |

### MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO SUMMARY JUDGMENT

**I. Introduction**

The Defendant's Motion for Summary Judgment asserts that unpaid *guardian ad litem* ("GAL") fees for services he provided to the Plaintiff's minor children in a divorce and custody action are nondischargeable as a matter of law because the fees are for child "support" pursuant to 11 U.S.C. § 523(a)(5).  The Plaintiff objects and asserts: (i) that the Defendant is not entitled to summary judgment; (ii) case law supports the argument that GAL fees are not domestic support obligations under 11 U.S.C. § 523(a)(5);  and (iii) the matter was not actually litigated and decided in the Connecticut Superior Court.

The Court has reviewed the Motion for Summary Judgment, the Objection to the Motion for Summary Judgment, the parties' Local Rule 56(a) statements, and relevant case law.  For the reasons set forth below, the Defendant's Motion for Summary Judgment is **GRANTED**.

1

**II. Jurisdiction**

The United States District Court for the District of Connecticut has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b).  This Court has authority to hear and determine this matter pursuant to 28 U.S.C. §§ 157(a), (b)(1) and (b)(2)(I) and the District Court's General Order of Reference dated September 21, 1984.  The action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

**III. Undisputed Facts**

1. The Plaintiff filed a voluntary Chapter 7 petition on August 3, 2015, *Angela M. Hickman*, case number 15-51095.[1]  On November 12, 2015, the Plaintiff received a discharge of her dischargeable debts in accordance with 11 U.S.C. §727.  On November 30, 2015, the Plaintiff's Chapter 7 case was closed.

2. On April 15, 2016, the Plaintiff filed a Motion to Reopen the Case (the "Motion to Reopen", ECF No. 15), in order to commence an adversary proceeding to determine whether the GAL fees owed to the Defendant are dischargeable.  The Motion to Reopen was granted on May 10, 2016.  (*See* ECF No. 18).

3. On August 19, 2016, the Plaintiff filed this adversary proceeding, *Angela Hickmann v. William RJP Brown*, case number 16-05045 (the "Adversary Proceeding"), seeking the following relief: (1) a determination of whether the GAL fees are dischargeable; or (2) "if the Court ultimately finds that the GAL Fee here is not dischargeable, [asking] the Court [to] fashion an equitable remedy that either reduces the GAL Fee owed or defers its payment to a later date." (ECF Adv. No. 1).

---

[1] All references to documents appearing on the docket of the instant Adversary Proceeding will appear as: ECF Adv. No. ____.  All references to documents appearing on the docket of the main bankruptcy case will appear as: ECF No. _____.

    4.    The Defendant was appointed GAL for the Plaintiff's children in December 2007, in the divorce and custody case entitled, *Angela Gizzi (Angela Hickmann) v. Angelo Gizzi*, pending in the Connecticut Superior Court, Judicial District of Waterbury, case number UWY-FA-07-4014528S.  (Local R. 56(a)(1) Statement; Local R. 56(a)(2) Statement).  The Defendant performed his duties pursuant to that appointment until he was discharged on June 8, 2016.  (Local R. 56(a)(1) Statement; Local R. 56(a)(2) Statement).

    5.    From the start of the Defendant's appointment through the discharge of his duties, post-judgment GAL fees and costs were shared equally between the the Plaintiff and her ex-husband, the father of the minor children, Angelo Gizzi.  (Local R. 56(a)(1) Statement; Local R. 56(a)(2) Statement).

    6.    On September 5, 2014, the Plaintiff agreed to pay her outstanding GAL fees at a rate of $250.00 per month due on the 15th of each month.  (Local R. 56(a)(1) Statement; Local R. 56(a)(2) Statement).

    7.    On January 6, 2015, the Connecticut Superior Court awarded temporary sole legal and physical custody of the two minor children to Angelo Gizzi.  (Local R. 56(a)(1) Statement; Local R. 56(a)(2) Statement).  On July 2, 2015, pursuant to a stipulation entered into between the Plaintiff and Angelo Gizzi, the Connecticut Superior Court removed the temporary nature of the order and granted Angelo Gizzi sole legal and physical custody.  (Local R. 56(a)(1) Statement; Local R. 56(a)(2) Statement).

    8.    Since the date of the temporary order entered on January 6, 2015, the Plaintiff has not had parenting access with the two minor children and is not presently the custodial parent.  (Local R. 56(a)(1) Statement; Local R. 56(a)(2) Statement).

9. On February 22, 2016, after a full evidentiary hearing, the Connecticut Superior Court: (1) found that the Plaintiff willfully violated the Court orders of payments of September 5, 2014 and July 2, 2015, by clear and convincing evidence; (2) ordered the Plaintiff to continue the $250.00 per month payments to the Defendant and bring herself current on all arrearages within 30 days; (3) ordered the Plaintiff to pay Angelo Gizzi $69.00 per week and 17% of unreimbursed medical and dental expenses of the children; and (4) found that the Plaintiff had the ability to make payments to the Defendant.[2]  (Local R. 56(a)(1) Statement; Local R. 56(a)(2) Statement).

10. During a hearing held on April 20, 2016, the Connecticut Superior Court found the current arrearage to the Defendant to be $4,050.00.  (Local R. 56(a)(1) Statement; Local R. 56(a)(2) Statement).

11. On June 8, 2016, the Connecticut Superior Court found the Plaintiff in willful contempt of the orders of payment, and found that the Defendant's hourly rate was fair and reasonable.  (Local R. 56(a)(1) Statement; Local R. 56(a)(2) Statement).

12. The Plaintiff's outstanding balance for GAL fees owed to the Defendant is $22,139.50.  (Complaint; Local R. 56(a)(1) Statement).

**IV. Discussion**

  **A. Summary Judgment Standard**

"Federal Rule of Civil Procedure 56(a), made applicable to these proceedings by Fed. R. Bankr. P. 7056, directs that '[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Parris v. Delaney* (*In re Delaney*), 504 B.R. 738, 746 (Bankr. D. Conn. 2014) (internal quotation marks and alteration in original), quoting Fed. R. Civ. P. 56(a).  When

---

[2] In the Superior Court's Memorandum of Decision dated February 22, 2016 ("Mem. Dec. 2-22-16"), the Court fully analyzed the Plaintiff's financial situation and entered an order related to Defendant's fees.

4

considering a motion for summary judgment, "the judge's function . . . is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). Furthermore, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Flaherty v. Lang*, 199 F.3d 607, 615 (2d Cir. 1999), (quoting *Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994)).

At the summary judgment stage, the moving party bears the burden of showing that there are no material facts in dispute and the court is to draw all reasonable inferences, and resolve all ambiguities, in favor of the non-moving party. *United Transp. Union v. Nat'l R.R. Passenger Corp.*, 588 F.3d 805, 809 (2d Cir. 2009). Once the moving party has met its burden, in order to defeat the motion, the "party opposing summary judgment . . . must set forth 'specific facts' demonstrating that there is 'a genuine issue for trial.'" *In re Affinity Health Care, Mgmt., Inc.*, 499 B.R. 246, 251 (Bankr. D. Conn. 2013) (quoting *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009)). "[A] non-moving party must point to more than a mere 'scintilla' of evidence in order to defeat a motion for summary judgment." *Id.* (quoting *Havey v. Homebound Mortg., Inc.*, 547 F.3d 158, 163 (2d Cir. 2008)).

### B. The GAL Fees in this Case are Nondischargeable

The material *undisputed* facts in this proceeding are that in December 2007, the Defendant was appointed by the Connecticut Superior Court as GAL for the Plaintiff's children in the divorce and custody proceeding, and the Plaintiff is required by order of the Connecticut Superior Court to pay the Defendant's GAL fees at issue in this case.

It is "generally accepted that fees incurred on behalf of a child are nondischargeable because they are deemed to be support when those fees are inextricably intertwined with

5

proceedings affecting the welfare of the child." *In re Manzi*, 283 B.R. 103, 109 (Bankr. D. Conn. 2002), *citing Peters v. Hennenhoeffer* (*In re Peters*), 133 B.R. 291, 295 (S.D.N.Y.1991). Section 523(a)(5) was amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), to broaden the exception to discharge for "any debt . . . for a domestic support obligation." The term "domestic support obligation" ("DSO") is defined in §101(14A). It is undisputed that GAL fees in this case meet three of the four criteria of a DSO, those set forth in §101(B), (C), and (D). To meet the fourth criteria, courts have determined that GAL fees directly payable to a GAL satisfy §101(14A)(A)'s criteria if the debt is:

> (A) owed to or recoverable by –
>    (i) a spouse, former spouse, or child of the debtor, or such
>     child's parent, legal guardian, or responsible relative; or
>    (ii) a governmental unit; . . .

The overwhelming majority of courts, including the Second Circuit Court of Appeals, have long held that a debtor's court-ordered obligation to pay attorney's fees incurred for representation of an ex-spouse or child of the debtor in a divorce and/or custody proceeding is nondischargeable under the pre-BAPCPA and post-BAPCPA language of §523(a)(5). *See, e.g., In re Maddigan*, 312 F.3d 589, 593 (2d Cir. 2002); *In re Manzi*, 283 B.R. at 110 (fees for GAL for the "debtor's minor children incurred in connection with support and/or custody and/or visitation disputes in the debtor's divorce proceeding generally are nondischargeable"); *In re Miller*, 55 F.3d 1487 (10th Cir. 1995) (fees ordered to be paid directly to GAL incurred in connection with divorce and child support proceedings were nondischargeable); *Levin v. Greco*, 415 B.R. 663 (N.D. Ill. 2009) (obligation owed to GAL is considered support, and qualifies as a nondischargeable domestic support obligation); *In re Stevens*, 436 B.R. 107, 109 (Bankr. W.D. Wis. 2010) ("Debts incurred pursuant to a statutory duty to act in the best interests of the child will almost inevitably be for support of a child, within the meaning of § 523(a)(5)."); *In re*

6

*Burnes*, 405 B.R. 654 (Bankr. W.D. Mo. 2009) (GAL fees are in the nature of child support and come within the definition of domestic support obligation); *In re Rose*, 2008 WL 4205364 (Bankr. E.D. Tenn. 2008) (the debt to pay the GAL fees was a domestic support obligation, was nondischargeable, and entitled to priority claim status); *In re Levin*, 306 B.R. 158, Bankr. L. Rep. (CCH) P 80066 (Bankr. D. Md. 2004) (the debt to pay the GAL fees was a "support" obligation that was nondischargeable).

Prior to BAPCPA, §523(a)(5) provided, in relevant part, for the nondischargeability of a debt "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with . . . a divorce decree." 11 U.S.C. §523 (2004). In the case of *In re Spong*, 661 F.2d 6 (2d Cir.1981), the Second Circuit held that a debtor's obligation under the terms of a divorce decree to pay the attorney's fees of his former spouse was nondischargeable under §523(a)(5) notwithstanding that such fees were payable directly to the attorney and not to the former spouse. The Second Circuit subsequently expanded the holding of *Spong* to encompass a similar obligation to pay directly to the GAL the fees for representing the debtor's child in the debtor's divorce proceedings. *In re Peters*, 964 F.2d 166 (2d Cir. 1992).[3]

> The fact that the debt is payable to a third party does not prevent classification of that debt as being owed to [the debtor's] child. Our case law clearly establishes that debts in the nature of support need not be payable directly to one of the parties listed in §523(a)(5) in order to be nondischargeable. *See Spong*, 661 F.2d at 10-11; *In re Peters*, 124 B.R. 433, 435 (Bankr. S.D.N.Y. 1991) (citing cases).

---

[3] The Plaintiff asks this Court to deviate from the line of cases starting with *Peters* by citing *Tucker v. Oliver*, 423 B.R. 378 (W.D. Okla. 2010) and *In re Brooks*, 371 B.R. 761 (Bankr. N. D. Tex. 2007). These cases are factually distinguishable. The attorneys' fees at issue in *Tucker* were incurred by a child's grandparents who sought to establish visitation rights for themselves. 423 B.R. 378. The attorneys' fees at issue in *Brooks* were not incurred by the Debtor, and therefore, did not fit within the definition of a DSO pursuant to 11 U.S.C. §101(14A). 371 B.R. 761.

7

*In re Maddigan*, 312 F.3d 589, 593 (2d Cir. 2002).

Although the Plaintiff argues for a new statutory interpretation of §523(a)(5), relying on a plain meaning analysis, it is clear that rather than reducing the scope of the §523(a)(5) exception to discharge, BAPCPA expanded it to encompass family situations that did not fit neatly into the earlier language.  None of the terms at issue in *Spong* or *Peters* were eliminated under BAPCPA, and nothing in either the language or the legislative history of BAPCPA indicates any intent to displace the long-established case law.

This Court joins other bankruptcy courts in this Circuit in concluding that *Spong* and its progeny remain just as applicable after BAPCPA as they were before it.  *See, e.g.*, *In re Rogowski*, 462 B.R. 435 (Bankr. E.D.N.Y. 2011); *In re Tarone*, 434 B.R. 41 (Bankr. E.D.N.Y. 2010); *In re Golio*, 393 B.R. 56 (Bankr. E.D.N.Y. 2008); *In re Schenkein*, 2010 WL 3219464 (Bankr. S.D.N.Y. 2010).

The Plaintiff argues that unusual circumstances exist that should allow a deviation from the general rule that GAL fees are nondischargable.  The Plaintiff cites *Manzi* for the proposition that in "unusual circumstances", such as where continued payment of GAL fees would "severely impair the debtor's ability to support the very children whom Section 523(a)(5) was designed to protect," such fees would potentially be dischargable.  *See Manzi*, 232 B.R. at 110.  *Manzi* is factually and legally distinguishable from the instant case and created a very narrow exception to the nondischargeablity of GAL fees when the payment of the fees would severely impair the custodial parent's ability to support the children.  In the instant case, the Plaintiff is not the custodial parent, has not seen her children in over two years, and does not pay child support.  Additionally, the *Manzi* decision was issued before BAPCPA expanded the scope of §523(a)(5).  Accordingly, the holding in *Manzi* does not apply to the facts in this adversary proceeding.

8

Finally, the Plaintiff requests that the Court "fashion an equitable remedy that either reduces the GAL fees owed or defers payment to a later date".  However, the Connecticut Superior Court has already considered the Plaintiff's arguments regarding the amount of the GAL fees and the schedule by which they must be paid.  This issue was fully litigated in the Connecticut Superior Court and that Court made a finding that the Plaintiff was capable of paying the fees.  This Court is bound by the Rooker-Feldman Doctrine, which "bars federal courts from considering claims that are inextricably intertwined with a prior state court determination." *Johnson v. Smithsonian Inst.,* 189 F.3d 180, 185 (2d Cir. 1999).

## VII. Conclusion

In conclusion, for the reasons set forth herein, the Defendant's Motion for Summary is hereby **GRANTED** and the Plaintiff's debt to the Defendant in the amount of $22,139.50, plus interest and costs, is **NONDISCHARGABLE**.

Judgment shall enter in this adversary proceeding in favor of the Defendant.

**IT IS SO ORDERED** at Bridgeport, Connecticut this 3rd day of August, 2017.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut